```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL STRAIT,                      :  No. 4:CV-06-1140
                                     :
        Petitioner                   :  (Petition Filed 06/05/06)
                                     :
    vs.                              :
                                     :
UNITED STATES,                       :  (Judge Muir)
                                     :
        Respondent                   :
```

## ORDER

September 19, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 5, 2006, Michael Strait filed a document entitled "28 U.S.C. § 2241 Motion Challenging the Execution of Sentence." Strait alleges that the Federal Bureau of Prisons has not properly calculated the time remaining on the sentence we imposed upon him on January 7, 2004.  On July 5, 2006, Strait paid the $5.00 filing fee.

On July 7, 2006, we issued an order requiring the Respondent to show cause why Strait's petition should not be granted.  On July 27, 2006, we granted the government's motion for an extension of time to respond to Strait's petition.  The government timely filed its response on August 10, 2006.  The time allowed for Strait to file a reply brief expired on August 28, 2006, and to this date no such brief has been filed.

The certificate of service attached to Strait's undated habeas

corpus petition indicates that he mailed a copy of the petition to the government on May 26, 2006. If Strait had sent the copy of his petition for filing with the court on the same date, then it took 10 days for the document to reach the court. Based on that delay in receiving documents mailed by Strait, we withheld ruling on his petition to ensure that no reply brief would be filed. Strait's habeas corpus petition is ripe for disposition. Before proceeding to consider the substantive merits of Strait's petition, we will set forth the material facts.

Strait was originally arrested on December 13, 2002, by Pennsylvania authorities for alleged state crimes. On January 9, 2003, a federal indictment was filed charging Strait with federal crimes related to the same events which were the subject of the state charges. Although the Pennsylvania charges were dismissed in the wake of the federal indictment, Strait remained in state custody until May 24, 2005.

On March 25, 2003, Strait pled guilty to one count of the federal indictment. On May 24, 2005, the United States Marshal Service took Strait into custody and he began serving the 46-month federal sentence which we had imposed to run consecutively to any other sentence.

Throughout the period of his federal incarceration, Strait has claimed that the manner in which the Federal Bureau of Prisons has

given him credit towards the federal sentence we imposed upon him on January 7, 2004, has violated his constitutional rights. He specifically claims that all of the time since December 12, 2002, should be credited towards his federal sentence because the state authorities are requiring Strait to serve his federal sentence before he can commence serving the sentence for any parole violation.

>Strait seeks the following relief in his petition:
>
>1. Based on the fact that the U.S. District Court <u>SPECIFICALLY ORDERED</u> that movant serve his current federal sentence <u>CONSECUTIVE</u> to his state sentence, movant ask's [sic] that the court will order movant's <u>COMPLETION</u> of <u>ALL</u> state obligations, effective from March 7, 2003/September 7, 2005 ... (18 months).
>2. September 8, 2005/May 24, 2005 [sic] (8 months & 17 days) awarded towards movants [sic] federal sentence ... [and]
>3. That the detainer currently lodged against movant by the [Pennsylvania Board and Probation and Parole] to be <u>ORDERED REMOVED</u> <u>from</u> movant's federal institution file as being completed.

(Habeas Corpus Petition, pp. 8-9)(Emphasis in original)  Strait's attempts to obtain any relief with respect to his federal sentence by way of exhausting his administrative remedies were unsuccessful.

However, in the course of preparing its response to Strait's habeas corpus petition, the government apparently concluded that his position had merit. On page 12 of its response, the government represents the following:

>On August 2, 2006, [Inmate Systems Manager] Al Farley spoke with Jonathan Janice from [the Pennsylvania Board of Probation and Parole] and he indicated that the [Bureau of Prisons]

3

>       could not determine what portion of prior custody credit
>       Strait will receive and it should grant credit from December
>       13, 2002 to May 23, 2005 towards Strait's federal sentence.
>       ...
>          Therefore, on August 8, 2006, Strait's sentence computation
>       was updated to reflect prior custody credit from December 13,
>       2002 to January 6, 2004, the day before his federal sentence
>       was imposed. ...  Strait's computation was changed to reflect
>       a beginning date of January 7, 2004, the date the sentence
>       [was] imposed. ...
>          Strait was scheduled for release from his federal sentence
>       via [Good Conduct Time] release on April 15, 2006. ...
>       Therefore, his federal sentence has been completed and prior
>       custody credit towards his federal sentence is moot.
>       Furthermore, Strait was released to the Commonwealth of
>       Pennsylvania pursuant to the detainers filed by Probation and
>       [the] McKean County District Attorney's office.

(Response to Habeas Corpus Petition, pp. 12-13)

It is well-settled that "[a] necessary predicate for the granting of federal habeas relief is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." Rose vs. Hodges, 423 U.S. 19, 21, 96 S. Ct. 175, 177 (1975)(citing 28 U.S.C. § 2241).  Our threshold inquiry is whether Strait has established that predicate.

The government's response to Strait's petition indicates that any alleged constitutional violation arising from the manner in which the Bureau of Prisons calculated the credit to apply towards Strait's federal sentence no longer exists as a result of the recalculation performed by the Bureau of Prisons on August 8, 2006. To the extent that Strait challenges the calculation of the time remaining on his federal sentence, his habeas corpus petition will

be dismissed as moot.

We further note that the forms of relief set forth in Strait's petition extend to the manner in which the Pennsylvania state authorities will calculate the credit to be applied towards the sentence to be served on his parole violation. We are of the view that such relief is beyond our jurisdiction because it does not relate to any federal custody and the only respondent named in Strait's petition is the "United States of America," which is no longer responsible for Strait's custody. We will deny without prejudice the portion of Strait's petition which may be construed as a challenge to the manner in which credit will be awarded to him towards any state sentence.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Strait's habeas corpus petition (Document 1) filed pursuant to 28 U.S.C. § 2241 is denied for the reasons provided in paragraphs 2 and 3 of this order.
2. The portion of Strait's petition addressing the manner in which credit was applied towards his federal sentence is denied on the basis that it is moot.
3. The portion of Strait's petition addressing the manner in which credit may be applied towards any state sentence is denied without prejudice to his right to pursue relief in the state courts.

    4.    The Clerk of Court shall close this file.

                                          <u>s/Malcolm Muir</u>
                                          MUIR, U.S. District Judge

MM:gja